[Cite as *State v. Fraszewski*, 2014-Ohio-4397.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                           Court of Appeals No. L-13-1220

     Appellee                                        Trial Court No. CR0201301726

v.

Gary Fraszewski                                   **DECISION AND JUDGMENT**

     Appellant                                       Decided:  October 3, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Mark T. Herr, Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Gary Fraszewski, appeals from the Lucas County Court of

Common Pleas judgment imposing the maximum sentence for one count of aggravated

arson.  Because we conclude the trial court's sentence is not contrary to law, we affirm.

**{¶ 2}** On May 10, 2013, appellant was indicted on four counts of aggravated arson, felonies of the first degree, in violation of R.C. 2909.02(A)(1). Appellant pled not guilty to the charges.

**{¶ 3}** On August 23, 2013, appellant entered a no contest plea to one count of aggravated arson. A nolle prosequi was entered as to the three other counts of aggravated arson.

**{¶ 4}** On September 23, 2013, a sentencing hearing was held and appellant was sentenced to 11 years in prison, the maximum sentence. This appeal ensued.

**{¶ 5}** On March 24, 2014, appellant's appointed counsel filed a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserted that after thoroughly reviewing the transcript of proceedings in the trial court and the applicable case law, no meritorious assignments of error could be presented. Counsel did submit one potential assignment of error:

> The trial court abused its discretion when it sentenced Mr.
> Fraszewski to an 11-year, statutory-maximum sentence.

**{¶ 6}** The state also filed a response to the *Anders* brief, concurring with the conclusion of appellant's counsel that there was no arguable basis for a valid assignment of error and urging this court to permit counsel to withdraw.

**{¶ 7}** The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978). In *Anders*, the United

2.

States Supreme Court found if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record which could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.* Once these requirements have been fulfilled, the appellate court must conduct a full examination of the proceedings held below to decide if the appeal is indeed frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if required by state law. *Id.*

{¶ 8} Here, appellant's counsel has satisfied the requirements set forth in *Anders*. We observe appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, we shall proceed with an examination of the potential assignment of error set forth by appellant's counsel as well as the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 9} Appellant's counsel submits review of the imposition of a statutory maximum sentence is delineated in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Counsel notes the reviewing court must first determine if the sentence is contrary to law, then the reviewing court determines whether the trial court abused its discretion.

3.

{¶ 10} The two-step approach set forth in *Kalish* no longer applies to appellate review of felony sentences. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 10. We now review felony sentences using the standard of review set forth in R.C. 2953.08. *Id.* at ¶ 11. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id.* In determining whether a sentence is clearly and convincingly contrary to law, the approach in *Kalish* can provide guidance. *Id.* at ¶ 15.

Significantly, *Kalish* determined that a sentence was not clearly and convincingly contrary to law in a scenario in which it found that the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied post release control, and had imposed a sentence within the statutory range. *Id.*

{¶ 11} Here, the record reveals that none of the statutory provisions specified under R.C. 2953.08(G)(2) is relevant. *See Tammerine* at ¶ 19-21. The record further reveals, and we find, appellant's sentence is not contrary to law. The 11-year prison sentence imposed upon appellant is within the permissible statutory sentencing range for a first degree felony. *See* R.C. 2929.14(A)(1). In addition, the trial court properly considered the purposes and principles of sentencing, as stated in R.C. 2929.11, as well

4.

as the factors in R.C. 2929.12, the most significant of which were the impact on the victims and the seriousness of appellant's conduct. At the sentencing hearing, the trial court found anything less than the maximum sentence would demean appellant's actions of setting fire to a house with a family of four people, including two children, asleep inside. Since we conclude the trial court's sentence is not contrary to law, the proposed assignment of error is without merit.

{¶ 12} Next, we have an obligation to fully examine the record in this case to determine whether an appeal would be frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review of the record, including the transcripts of appellant's arraignment, plea and sentencing, does not disclose any errors by the trial court which would justify a reversal of the judgment. We therefore find this appeal to be wholly frivolous, and counsel's request to withdraw is found well-taken and is granted.

{¶ 13} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                 _____
                                                                         JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.                    _____
CONCUR.                                                    JUDGE

                                                                        _____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.